**Tonisha Shuree GREER, a minor, by her mother and next friend Reva D. GREER, Plaintiff-Appellant,**

v.

**Margaret HECKLER, Secretary of the Department of Health and Human Services, Defendant-Appellee.**

No. 83–2086.

United States Court of Appeals, Tenth Circuit.

March 7, 1985.

---

Luis Mata and Paul E. Serrano, Jr., of Wyandotte-Leavenworth County Legal Aid Society, Inc., Kansas City, Kan., for plaintiff-appellant.

Amanda S. Meers, Asst. U.S. Atty., Kansas City, Kan. (Benjamin L. Burgess, Jr., U.S. Atty., Kansas City, Kan., with her on the brief), for defendant-appellee.

Before LOGAN and McWILLIAMS, Circuit Judges, and BOHANON, Senior District Judge.[*]

BOHANON, Senior District Judge.

In this case we are asked to determine whether the appellant Reva D. Greer is entitled to receive federal social security survivor's benefits on behalf of her daughter Tonisha, based on the earnings record and insured status of the alleged father of the child, Anthony Lewis. 42 U.S.C. § 402(d) (1982). Reva Greer was never married to Lewis and, in fact, at the time of Tonisha's birth, on January 28, 1980, she was still married to Andrew Greer. Mr. Greer, however, had been in the penitentiary since 1978. Appellant claims to be entitled to benefits because Lewis was contributing to Tonisha's support at the time of his death, 42 U.S.C. § 416(h)(3)(C)(ii) (1982), and because Tonisha allegedly would be entitled to inherit personal property from Lewis under the laws of devolution of intestate property of his state of domicile (Missouri) at the time of his death. 42 U.S.C. § 416(h)(2)(A) (1982). We hold the appellant not entitled to receive benefits for failure to present substantial evidence that Lewis was in fact the biological father of Tonisha.

Anthony Lewis was found dead, apparently murdered, on March 7, 1980. The appellant filed her application for child's insurance benefits two weeks later on March 21, 1980. This application was first denied by the Social Security Administration on May 14, 1980. A request for reconsideration was also denied. Appellant then requested a hearing before an Administrative Law Judge (ALJ) which was held on

---

[*] Honorable Luther Bohanon, Northern, Eastern and Western Districts of Oklahoma, sitting by designation.

October 14, 1981. Also appearing at this hearing was Annette M. Ray, on behalf of Kenyai M. Ray, who was joined as a party in interest because already receiving benefits on Lewis' account which could be reduced if benefits were also awarded to Tonisha. In a decision dated November 24, 1981, the ALJ found Tonisha was not entitled to child's insurance benefits. Among specific findings made by the ALJ were the following:

3. There is no evidence contained in the record that the minor claimant was ever legally adopted by any person under the statutes of any state or was equitably adopted by any person under the doctrine and statutes which pertain in the State of Missouri.

4. There is no evidence contained in the record that the deceased wage earner was ever decreed by a court of competent jurisdiction to be the father of the minor claimant, or was ever ordered by a court of competent jurisdiction to contribute to the care and support of the minor claimant.

5. There is no evidence contained in the record of an acknowledgement in writing by the deceased wage earner that he was the father of the minor claimant herein.

6. There is no substantial evidence contained in the record which would show that the deceased wage earner was the biological father of the minor claimant herein.

7. The claimant did not receive at least one-half of her support from the deceased wage earner in the relevant time period before the deceased wage earner's death on March 7, 1980.

8. The deceased wage earner was not living with the minor claimant during the relevant time period, from January 28, 1980, until March 7, 1980.

The appellant's request for review of the ALJ's decision by the Appeals Council was denied on March 26, 1982, making the ALJ's determination a final administrative decision of the Secretary of the Department of Health and Human Services subject to judicial review under 42 U.S.C. § 405(g) (1982). The present action was commenced in the United States District Court for the District of Kansas on June 1, 1982.

In an order denying the plaintiff-appellant's motion for summary judgment and granting the defendant-appellee's motion for an order affirming the Secretary's decision, the district court concluded the ALJ's findings were supported by substantial evidence but noted that the ALJ failed to make any specific finding about Tonisha's qualification under 42 U.S.C. § 416(h)(2)(A) (1982):

(2)(A) In determining whether an applicant is the child or parent of a fully or currently insured individual for purposes of this subchapter, the Secretary shall apply such law as would be applied in determining the devolution of intestate personal property by the courts of the State in which such insured individual is domiciled at the time such applicant files application, or, if such insured individual is dead, by the courts of the State in which he was domiciled at the time of his death, or, if such insured individual is or was not so domiciled in any State, by the courts of the District of Columbia. Applicants who according to such law would have the same status relative to taking intestate personal property as a child or parent shall be deemed such.

At the time of his death, Anthony Lewis was domiciled in Missouri. Accordingly, the ALJ should have determined whether Tonisha would be deemed entitled to take intestate personal property from Lewis as a child under applicable Missouri law.

■ The relevant[1] Missouri statute is Mo.Ann.Stat. § 474.060 (Vernon 1985

---

1. The determination of what statute to apply actually involves some complexity inasmuch as the statutes effective at the time of Lewis' death and Reva Greer's filing of her application, Mo.

Ann.Stat. §§ 474.060, 474.070 (Vernon 1956) were unconstitutional for the manner in which they prevented children born out of wedlock from taking their father's intestate personal

Supp.) which reads, in pertinent part, as follows:

> 2. ... a person born out of wedlock is a child of the mother. That person is also a child of the father, if either of the following occur:
>
> .    .    .    .
>
> (2) The paternity is established by an adjudication before the death of the father, *or is established thereafter by clear and convincing proof*
>
> .    .    .    .    .

(emphasis added). Although the ALJ did not specifically apply this "clear and convincing" standard to the evidence before him, he did find, as noted above, that there was no *substantial* evidence that Anthony Lewis was in fact the biological father of Tonisha. This finding was based upon a record which contained the following evidence:

1. Reva D. Greer testified that Anthony Lewis was the father of Tonisha and was the only man with whom she was having sexual relations at the time Tonisha was conceived. We note, however, that her testimony was not clear in this regard and that at one point she indicated that she started going with Lewis in September of 1979—substantially less than 9 months before Tonisha's birth in January of 1980.

2. Reva Greer also testified and submitted statements to the effect that Lewis contributed to the support of Tonisha by buying food, clothes, and diapers for the baby, and by giving Reva money. All of these alleged contributions were on a cash basis however, and Reva's testimony, though corroborated somewhat by statements signed by Lewis' mother, was otherwise unsupported by documentation such as receipts.

3. A signed statement by Jerry Patton, father of Anthony Lewis, was introduced in which Patton asserted that Lewis had told him he (Lewis) was the father of Tonisha.

4. Signed statements by Shirly Guess, Lewis' mother, indicated that she believed she was the grandmother of Tonisha based upon things her son had said to her.

5. The signed statement of Ida Paul, a friend of Lewis, asserting that Lewis told her he was Tonisha's father and that Paul and Lewis had together planned a successful baby shower for the infant.

6. Annette Ray, mother of Kenyai M. Ray, testified that Lewis told her he did not believe he was the father of Reva Greer's child.

7. Reva Greer also testified that Anthony Lewis had told her he wanted to have blood tests taken to make sure Tonisha was his child. These tests were never performed. Reva indicated that Lewis did not want to pay child support for Tonisha.

In reviewing the final administrative decisions of the Secretary of Health and Human Services, courts are bound to affirm them if supported by substantial evidence. 42 U.S.C. § 405(g) (1982). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The substantial evidence standard is generally viewed as requiring something less than a preponderance of the evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983); *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir.1975).

The evidence cited supra regarding the issue of paternity in this case is, for the

property. *Trimble v. Gordon*, 430 U.S. 762, 97 S.Ct. 1459, 52 L.Ed.2d 31 (1977); *Gross v. Harris*, 664 F.2d 667, 670 (8th Cir.1981). However, we agree with the district court that the new statute, quoted in the main text, should be applied to the present matter because no hearing was held on Reva Greer's application prior to

the January 1, 1981, effective date of the revised statute. *Gross v. Harris*, 664 F.2d at 669 n. 2 citing *State ex rel. St. Louis-San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409 (Mo. en banc 1974). Further, the applicability of the revised statute was agreed to by both the plaintiff and the defendant before the trial court.

most part, pure hearsay indicating that Lewis himself had no consistent belief about whether he was Tonisha's father or not. We cannot say that the ALJ was unreasonable, when faced with this record, in judging that there was no substantial evidence of biological paternity, and we therefore hold that the district court below correctly affirmed the ALJ's finding.

■ This does not, however, directly answer the appellant's charge on appeal that the district court should have remanded the case to the ALJ for the making of an explicit application of the clear and convincing standard required for proof of paternity after the death of a father under the Missouri statute quoted supra. In this regard we first note that the record before us on appeal does not disclose that appellant ever asked the court below to remand the case. Quite to the contrary, the complaint filed below asked the district court to find on the record before it that the plaintiff-appellant had already met the burden of clear and convincing proof, and it prayed for reversal of the Secretary's decision and an award of benefits *by the court.* Having herself prompted the district court to determine whether the evidence in the record met the clear and convincing standard, appellant cannot now complain that the case should have been remanded for such determination. In any event, we find most sensible the district court's resolution of this question by determining that, under Missouri law, a finding that evidence is not "substantial" necessarily implies that it does not meet the more stringent "clear and convincing" standard. *Matter of O'Brien,* 600 S.W.2d 695, 697 (Mo.App. 1980) (clear and convincing is "an intermediate standard between preponderance of the evidence and beyond a reasonable doubt.").

■ Lastly, the appellant contends that the evidence presented to the ALJ showed that Lewis was contributing to Tonisha's support at the time of his death so that she should have been found eligible for benefits pursuant to 42 U.S.C. § 416(h)(3)(C)(ii) (1982). This section reads as follows:

(3) An applicant who is the son or daughter of a fully or currently insured individual, but who is not (and is not deemed to be) the child of such insured individual under [§ 416(h)(2)(A)], shall nevertheless be deemed to be the child of such insured individual if:

.   .   .   .   .

(C) in the case of a deceased individual—

.   .   .   .   .

(ii) such insured individual *is shown by evidence satisfactory to the Secretary to have been the mother or father of the applicant and* such insured individual was living with or contributing to the support of the applicant at the time such insured individual died.

(emphasis added). Though we are concerned that the ALJ appears to have somewhat arbitrarily evaluated the appellant's evidence of support with a "one-half of total support" test not found in statute or case law, we need not reach the merits of his decision on that basis since it is obvious that appellant has not met the necessary antecedent emphasized in the statutory language quoted supra. It clearly was not the intent of Congress in enacting this law to permit claims for benefits against the accounts of deceased wage earners by any child that received support from the wage earner regardless of whether that child was in fact the *wage earner's* child. In this case the Secretary, through the agency of the ALJ, clearly was not satisfied by the evidence presented that Tonisha is actually the biological daughter of Anthony Lewis. Because she has not established such biological paternity, the appellant simply is not eligible to receive benefits on Lewis' account.

Based upon the foregoing findings and conclusions, the decision of the district judge is affirmed in all respects.