**Betty J. BROOKS, Complainant,**

v.

**James T. LYNN, Secretary of the United States Department of Housing and Urban Development, et al., Respondents.**

**Civ. No. 73–238–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Sept. 27, 1974.

Henry W. Floyd, Oklahoma City, Okl., for complainant.

William R. Burkett, U. S. Atty., Oklahoma City, Okl., for respondents.

## ORDER

DAUGHERTY, Chief Judge.

This action has been brought by Complainant for redress of grievances allegedly suffered while an employee of the Department of Housing and Urban Development (HUD) pursuant to the provisions of the 1972 Amendment to the 1964 Civil Rights (Act) as codified in 42 U.S.C. § 2000e–16. By her First Amended Complaint, she has made as Respondents the present Secretary of said Department and the members of the United States Civil Service Commission.

Complainant, who is black, was formerly employed in the Oklahoma City, Oklahoma office of HUD. She sought and was given special training after which she was assigned to the Chicago, Illinois office of HUD. She requested reassignment to the Oklahoma City office which request was denied. She resigned from her employment in Chicago

and returned to Oklahoma to live. She thereafter filed a complaint with the Oklahoma City office of HUD urging that she was discriminated against because of her race in not being assigned to the office of her choice. Administrative hearings on this complaint were conducted by the agency involved and further hearings were thereafter conducted by the Civil Service Commission. All findings in the administrative hearings were adverse to Complainant and she then filed this action.

Respondents have filed a Motion for Summary Judgment on the First Amended Complaint. Said Motion incorporates a brief supporting same. The Complainant has filed a Brief opposing said Motion.

Respondents contend that most Courts who have considered cases brought under the provisions of 42 U.S.C. § 2000e–16 have held such actions should be treated as actions for judicial review of administrative proceedings by the Department and/or the Civil Service Commission. They urge that summary judgment is an appropriate vehicle for handling such review. Movants rely on the case of Hackley v. Johnson, 360 F.Supp. 1247 (D.C.D.C.1973) which held that the Act does not require a trial de novo in the Federal Court for claims brought by Federal employees.

Complainant in her response urges that her Complaint states a cause of action and that jurisdiction is proper. She further urges that genuine issues of material fact exist which preclude the granting of a Motion for Summary Judgment. Rule 56, Federal Rules of Civil Procedure. She also urges she is entitled to a trial de novo because 42 U.S.C. § 2000e–16(d) provides that applicable procedures as followed in non-federal employee claims under 42 U.S.C. § 2000e–5 be applied. She states that the weight of authority allows such cases by non-federal employees to proceed by trial de novo. She relies on the case of Henderson v. Defense Contract Admin. Serv. Reg., N.Y., 370 F. Supp. 180 (S.D.N.Y.1973).

The Courts have not had an easy time in determining whether a Federal employee proceeding in a civil action under 42 U.S.C. § 2000e–16 is entitled to a trial de novo. Excellent discussions are contained in the many decisions on this point including the cases relied on by the respective parties herein. One of the most recent decisions covering this point is found in Baca v. Butz, 376 F.Supp. 1005 (D.N.M.1974) wherein Judge Bratton considered the matter in great depth. This Court agrees with the conclusion reached in *Baca, supra,* wherein it stated:

"What is required by the Act is a review and analysis of the agency record by the district court. In some instances and for cause shown, the plaintiff might be allowed to supplement the file with additional evidence relevant to the case or be given an opportunity to demonstrate deficiencies in the record which would warrant remand for further administrative consideration. When it appears to the satisfaction of the court that the factual record is complete, the district judge should then review the entire record."

This Court in its Order herein of February 13, 1974, stated that a motion for summary judgment supported by the administrative record might be appropriate if a review of such record establishes by a clear weight of the evidence an absence of discrimination. This Court is still of the opinion that this case should be determined by a review of the administrative record if possible. However, two recent decisions of the United States Court of Appeals for the Tenth Circuit indicate that proceeding by summary judgment is not an appropriate method to judicially review an administrative decision. Heber Valley Milk Company v. Butz, 503 F.2d 96 (Tenth Cir. 1974) and Nickol v. United States, 501 F.2d 1389 (Tenth Cir. 1974).

The Respondents' Motion For Summary Judgment on the First Amended Complaint should therefore be stricken as an inappropriate procedural means to review the administrative records of the Department of Housing and Urban Development and the Civil Service Commission concerning the alleged discriminatory employment practice complained of by Complainant.

The Respondents are directed to Answer the First Amended Complaint within twenty (20) days of this date. The Court will thereafter set the case for a pre-trial conference at which time the Complainant will specify her complaints about the administrative decisions and the Respondents will state their contentions. The need for additional evidence relevant to the case and any deficiencies in the administrative record will also be discussed. Briefs on the salient point or points as developed will then be called for by the Court and the case will then be submitted for decision unless the Court determines that further relevant evidence is required or there is a deficiency in the administrative record requiring remand. The Court also reserves the right to call for oral arguments if deemed desirable.