**Rafael MERCADO, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–0538(PG).**

United States District Court,
D. Puerto Rico.

Oct. 31, 1983.

Benjamin Marcano Román, Gustavo Wiscovitch, San Juan, P.R., for plaintiff.

No appearance for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This is an action brought under Section 205(g) of the Social Security Act, as amended (hereinafter referred to as the Act), 42 U.S.C. 405(g), to review a final determination of the Secretary of Health and Human Services (the Secretary), which denied plaintiff's application for a period of disability and disability insurance benefits.

Plaintiff is a forty-one-year-old illiterate man who has worked as maintenance laborer for the Water and Sewers Authority (Tr. 199, 228). On February 2, 1977, he suffered an accident at work, where he perforated his left timpanic membrane. He was treated at the State Insurance Fund (Tr. 119). On May 9, 1980, he applied for disability benefits claiming that he has been unable to work since February 7, 1979, due to a nervous condition and loss of hearing (Tr. 58). This application was denied at the administrative level and no judicial review was sought (Tr. 193).

A second application was filed on August 27, 1981, claiming that he has been disabled since January 1, 1981, due to the same conditions. This application was also denied at all stages of the administrative proceedings after which plaintiff appealed to this Court.

After defendant answered the complaint and filed the administrative record, she moved for summary judgment claiming that there being substantial evidence in support of the Secretary's decision, defendant is entitled to summary judgment in her favor and against plaintiff. Plaintiff has opposed this motion claiming that the Secretary's decision is not supported by the evidence and accordingly should be reversed. Plaintiff is insured for disability insurance benefits purposes until December 31, 1984 (Tr. 217).

Although this case is ripe for judicial review, a motion for summary judgment is not the appropriate mechanism for review of this type of case. Rule 56 of the Federal Rules of Civil Procedure provides in its pertinent part as follows:

"A party against whom a claim, counterclaim or crossclaim is asserted or a declaratory judgment is sought, may, at any time, move with or without supporting affidavits for a summary judgment in his favor or as to all or any part thereof...

"The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law..."

The standard of review in social security cases has been statutorily prescribed as follows:

"Any individual, after any final decision of the Secretary made after a hearing to which he was a party, ... may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision.... As part of his answer the Secretary shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based. The Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing. The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive, ...

The court shall ... at any time, on good cause shown, order additional evidence to be taken before the Secretary...."

■ Under this stringent test we are not to consider the case "de novo", but we are limited to determine only whether there is substantial evidence in the record as a whole to support the Secretary's decision. For this determination we are bound to consider only the record developed at the administrative agency, as certified to this Court by defendant. We are precluded from considering any evidence aside from the evidence in the record. By statute, if additional evidence is brought to our attention by way of affidavits or otherwise, it is considered for the purpose of determining whether good cause exists to remand the case to the Secretary. By the same token, if we find that additional evidence is necessary, we must remand the case to the Secretary for her to secure the evidence and make additional findings.

■ The courts are divided as to whether social security reviews are appropriate to be decided by way of summary judgment. The Ninth and most recently the Seventh Circuits have considered this issue and decided that the substantial evidence test is an issue of law appropriate for disposition by summary judgment. *Beane v. Richardson*, 457 F.2d 758 (9th Cir.1972); *Milton v. Harris*, 616 F.2d 968 (7th Cir. 1980); *Stein's, Inc. v. Blumenthal*, 649 F.2d 463 (7th Cir.1980). The Sixth and Second Circuits have cited with approval the Seventh Circuit in the use of summary judgment for similar review of administrative decisions. *Upjohn Mfg. Co. v. Schweiker*, 681 F.2d 480 (6th Cir.1982); *Dorman v. Harris*, 633 F.2d 1035 (2nd Cir.1980).

On the other hand, the Tenth Circuit has refused to accept summary judgment as the proper vehicle to review this kind of administrative decisions. *Nickol v. United States*, 501 F.2d 1389 (10th Cir.1974); *Heber Valley Milk Co. v. Butz*, 503 F.2d 96 (10th Cir.1974); *Brooks v. Lynn*, 65 F.R.D. 78 (W.D.Okl.1974). This Court has ruled against this procedure in the past. *Ayala*

*v. Secretary of H.E.W.*, 51 F.R.D. 505 (D.P. R.1971). And we still find this procedure inappropriate. This might seem to be more a matter of form than substance and in the case at bar it might not make much difference. However, there might be a case, as it was in this district, where plaintiff will file an affidavit to contradict the evidence on the record of the Secretary or the Secretary's findings. It is clear that in such a case the Court could not consider the affidavits to make its own findings or to find that there is no issue as to any material fact and the moving party is entitled to judgment as a matter of law. *See: Ayala v. Secretary of H.E.W., supra.*

Our Local Rules provide, concerning motions for summary judgment, that "(a)ll material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party." Rule 8(N). Certainly, this provision will not apply to a motion for summary judgment filed by plaintiff in a social security case. The Court may not be guided by this adverse procedure, but by the command of Congress to review the case on the record and reverse the decision of the Secretary only if there is no substantial evidence in the record before the Secretary to support her decision. *See: Alameda v. Secretary of H.E.W.*, 622 F.2d 1044 (1st Cir.1980).

Being these special cases governed by a different kind of statutory review, Local Rule 29 was adopted to prescribe the procedure to be followed. In its pertinent part it provides that the defendant shall file the answer to the complaint within sixty days of service of process, together with the administrative record. From thereon, defendant shall have ninety days to file his (her) memorandum. By practice, plaintiff is granted thirty days to file his (her) memorandum after defendant has filed his (hers). This procedure has been sanctioned by the Court of Appeals for this Circuit. *Alameda v. Secretary of H.E.W., supra.*

Therefore, the procedure for review of this type of cases in this district must con-

tinue to adhere to our Local Rule 29, and it shall not be diverted by the use of other type of motions.

After careful review of the whole record of this case under the statutory standard of review, we find that there is substantial evidence in support of the Secretary's decision.

According to the most recent evaluation performed by an otolaryngologist, plaintiff has a mild sensorineural hearing loss in his right ear and a moderate to severe sensorineural hearing loss in his left ear. However, the latter may improve with the use of amplifiers (Tr. 239). Amplifiers have already been tried at the State Insurance Fund (Tr. 297). Therefore, from the physical point of view there is no significant impairment.

Plaintiff's emotional condition is not so clear. As a result of the accident plaintiff developed a nervous condition. During 1980 plaintiff paid several visits to Dr. Luis Raúl Alfaro, a psychiatrist. Back in 1980, Dr. Alfaro's opinion was that plaintiff suffered from schizophrenia, latent type, and was totally disabled to work (Tr. 176–178). In a recent report he rendered on February 17, 1982, he states that plaintiff's condition has not improved, that personality deterioration was severe and that he continued to be totally disabled to work (Tr. 317–319).

During 1980 plaintiff was seen by two other psychiatrists. Dr. Hernán Orsini Torres, who evaluated him on a consultative basis, found that plaintiff suffered from a moderate anxiety neurosis and was able to perform simple and repetitive tasks involving minimum contact with others (Tr. 165–174). Dr. Gregorio Rivera Nuñez, who performed a psychiatric evaluation for the State Insurance Fund, found that plaintiff suffered from a psychotic depressive reaction related to the accident (Tr. 186–187).

Dr. José H. Rivera Maldonado treated the plaintiff on five occasions through the State Insurance Fund during the first quarter of 1981. In his opinion, plaintiff was suffering from a depressive neurosis, moderate to severe. Upon discharge, progress was being made, but slow. He was classified under category II for neurosis (Tr. 263–265). No further treatment appears to have been received after March 1981.

During this first quarter of 1981 plaintiff was evaluated by Dr. Ramón Piñero Rivera, for the Social Security Office. He found that plaintiff was suffering from an anxiety neurosis, moderate to severe, with depressive features. He was able to handle funds but with some supervision. In his opinion, plaintiff was able to perform simple tasks (Tr. 310–312).

Faced with this conflictive evidence, the Secretary gave weight to her own observations of the plaintiff at the hearing and found that although the plaintiff had a moderate anxiety state with depression, this condition had not significantly limited his mental capacity to perform the work he had done in the past.

■ In a case such as the present, where there is conflictive medical evidence as to the severity of plaintiff's condition, great deference must be given to the evaluation of the evidence made by the Secretary. For this determination the Secretary may consider the demeanor of the claimant at the hearing and his credibility, as observed by the hearing examiner. *Miranda v. Secretary of H.E.W.*, 514 F.2d 996, 1000 (1st Cir.1975). We must not overturn her findings if supported by substantial evidence even though we would have decided otherwise.

■ In this case there is substantial evidence to contradict the opinion of Dr. Alfaro as to the severity of the condition. *Pérez v. Secretary of H.E.W.*, 622 F.2d 1 (1st Cir.1980). On the other hand, there is evidence that plaintiff's emotional condition is at least moderate. The record also shows that plaintiff has received very little psychiatric treatment on a continuous basis. In view of the fact that the precipitating factor, the hearing loss, is amenable to treatment, that plaintiff is a young individual, and that he has not had continuous psychiatric treatment for a significant period of time, and further considering the Secretary's observations of the plaintiff at

the hearing, we find that there is substantial evidence in support of the Secretary's decision, and the same is hereby AFFIRMED.

The Clerk shall enter judgment accordingly.

IT IS SO ORDERED.