Cobern HAMILTON, Plaintiff–Appellant,

v.

SECRETARY OF HEALTH & HUMAN SERVICES, OF the UNITED STATES of America, Defendant–Appellee.

No. 91–3160.

United States Court of Appeals, Tenth Circuit.

April 17, 1992.

David H.M. Gray of Hiebsch, Gragert, Hiebert, Gray & Davisson, Wichita, Kan., for plaintiff-appellant.

Lee Thompson, U.S. Atty., Stephen K. Lester, Asst. U.S. Atty., Wichita, Kan. (Frank V. Smith, Chief Counsel, and Sandra L. Wallace, Asst. Regional Counsel, Region VII, Dept. of Health & Human Services, Kansas City, Mo., of counsel), for defendant-appellee.

Before EBEL and BARRETT, Circuit Judges, and KANE,* Senior District Judge.

BARRETT, Senior Circuit Judge.

Claimant Cobern Hamilton appeals from the district court's grant of the Secretary's motion to affirm previous agency decisions denying Claimant's applications for social security benefits.[1] Claimant initially applied for social security disability benefits and supplemental security income benefits in 1985, alleging disability resulting from lower back pain, ulcers, and gout. Applications, Appellant's App., Transcript at 61, 88. After his applications were denied initially and on reconsideration, Claimant requested and received a de novo hearing before an administrative law judge (ALJ). The hearing resulted in a denial, and the Appeals Council denied Claimant's request for review. Action of Appeals Council, *id.* at 5. Claimant filed suit in district court. After a hearing, the district court remanded the case to the Appeals Council for consideration of Claimant's nonexertional limitations in connection with the ALJ's previous determination that Claimant could perform light work. Journal Entry, Appellant's App. at tab 12. The Appeals Council remanded the case to the ALJ, and a supplemental hearing was held.

The Secretary has established a five-step evaluation process pursuant to the Social Security Act for determining whether a claimant is disabled within the meaning of the Act. *See Williams v. Bowen*, 844 F.2d 748, 750–52 (10th Cir.1988) (describing five steps in detail). In this case, the ALJ reached the fifth step of the pertinent analysis, assuming that Claimant could not perform his past relevant work. Recommended Decision, Appellant's App., Transcript at 186. The ALJ concluded that, although Claimant's nonexertional impairments limited the range of light work he could perform, Claimant retained the functional capacity to perform certain light and sedentary jobs which exist in significant numbers in the national economy. *Id.* The ALJ's recommended decision denied Claimant benefits; the Appeals Council adopted the ALJ's recommended decision. Decision, *id.* at 180.

The Appeals Council then agreed to consider additional evidence in the case. Its subsequent decision, discussing the additional evidence, also denied Claimant benefits. Decision, *id.* at 282. That decision, adopting the previous Appeals Council decision, which in turn adopted the ALJ's recommended decision, became the final decision of the Secretary for purposes of review. *See Williams*, 844 F.2d at 749.

On appeal, Claimant argues that the Secretary failed to give the proper weight to the opinions of Claimant's treating physicians, failed to properly analyze evidence of Claimant's pain and depression, and failed to consider the combined effect of Claimant's impairments. Judicial review of the Secretary's determination that Claimant is not disabled within the meaning of the Social Security Act is limited; our only function is to determine whether the record as a whole contains substantial evidence to support the Secretary's decision and whether the Secretary applied the cor-

---

* Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

rect legal standards. *See Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir.1988). The Secretary's findings stand if they are supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Broadbent v. Harris,* 698 F.2d 407, 414 (10th Cir.1983) (per curiam) (quoting *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420–1427, 28 L.Ed.2d 842 (1971)).

## I

■ Claimant first argues that the ALJ and the Appeals Council, in evaluating Claimant's physical impairments, improperly rejected the opinions of Dr. Schnelle and Dr. Summerhouse, two treating physicians. Dr. Schnelle opined that Claimant "is currently unable to work" because of back problems, Letter of January 13, 1987, Appellant's App., Transcript at 177, and Dr. Summerhouse, in a letter considered by the Appeals Council, stated that Claimant's osteoarthritis would preclude "all but sedentary work," Letter of August 19, 1988, *id.* at 287.[2] In reaching his conclusions, the ALJ instead chose to rely on the report of Dr. Jarrott, as supported by reports from Doctors Sutton and Sifford, all examining physicians.

Claimant asserts that Dr. Jarrott's report did not consider Claimant's complaint of pain, and notes that Dr. Jarrott saw Claimant for only fifteen minutes and did not test numerous capabilities or test capabilities repetitively. Claimant points to differences between the diagnoses of Dr. Sutton and Dr. Jarrott which could be interpreted to support Claimant's allegations. Finally, Claimant says that Dr. Sifford's report is entitled to no weight because he "is well known to the Federal District Court in Kansas for his biased evaluations." Despite Claimant's views of these physicians and their evaluations, his criticisms do not contradict the specific and legitimate reasons the ALJ gave for rejecting Dr. Schnelle's and Dr. Summerhouse's opinions of Claimant's disability.

The ALJ rejected Dr. Schnelle's opinion that Claimant was disabled because Dr. Schnelle's conclusion was not supported by specific findings and his report was "not as comprehensive" as the reports of the examining physicians. Recommended Decision, *id.* at 185. The Appeals Council noted that Dr. Summerhouse's letter "contained essentially the same statements regarding the claimant's physical condition" as his previous reports. Decision, *id.* at 283. The ALJ rejected Dr. Summerhouse's previous diagnoses because his latest report did not mention the lumbosacral spine, and because Dr. Jarrott and Dr. Sutton are orthopedic specialists and their evaluations included extensive testing. Recommended Decision, *id.* at 185.

Claimant wants us to reweigh the evidence; this we cannot do. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir.1991). In evaluating Claimant's physical impairments, the ALJ and Appeals Council expressed specific and legitimate reasons for rejecting the opinions of Claimant's treating physicians. Our review of the record convinces us that those reasons are not in error. *See Diaz v. Secretary of Health & Human Servs.,* 898 F.2d 774, 777 (10th Cir.1990).

## II

■ In considering Claimant's contentions of pain, the ALJ determined that, while Claimant may have increased intermittent pain, his allegations of disabling pain were not credible. Recommended Decision, Appellant's App., Transcript at 186. Claimant contends that the ALJ improperly analyzed his pain because, although the ALJ said he considered all of the evidence, he relied solely on objective medical findings to support his conclusion. As Claimant points out, the ALJ is required, in assessing credibility, to consider all evidence, both objective and subjective. *See Williams,* 844 F.2d at 753. The ALJ stated that he considered all of the evidence; his

---

**2.** Dr. Summerhouse's opinion regarding Claimant's mental status is discussed later in this    opinion.

reliance on medical findings does not allow us to assume otherwise.

■ . Claimant asserts that the ALJ's reliance on Dr. Jarrott's report is misplaced because Dr. Jarrott did not consider Claimant's subjective complaints. Dr. Jarrott's report recites Claimant's alleged symptoms and comments about the lack of physical findings to support those complaints. Letter of June 16, 1988, Appellant's App., Transcript at 274. In light of this conclusion, we cannot say Dr. Jarrott did not consider Claimant's allegations of pain. Additionally, the ALJ did not rely solely on Dr. Jarrott's report to support his conclusion. We cannot reweigh the evidence.

■ Claimant alleged fatigue, which claim the ALJ credited in part, but on the whole found not credible: "I have concluded that even though there may be some fatigue present, it is not of disabling proportions." Recommended Decision, *id.* at 186. Claimant argues that the record is undisputed that he suffers from fatigue. The ALJ noted an inconsistency between Claimant's allegations that he slept very little at night and his claim that he rested only one hour during the day. *Id.* The ALJ is entitled to rely on objective evidence in the record, such as Claimant's recount of his daily activities, in making his assessment. Credibility is the province of the ALJ. *Williams,* 844 F.2d at 755. No medical evidence supports Claimant's allegations of fatigue; his testimony alone cannot establish a nonexertional impairment. *See Talley v. Sullivan,* 908 F.2d 585, 587 (10th Cir.1990) (per curiam) (subjective complaints alone insufficient to establish disabling pain). Substantial evidence supports the ALJ's determination that Claimant's allegations of fatigue are not credible to the extent alleged.

Claimant complains that the ALJ ignored positive evidence of his credibility. Again, Claimant wants this court to reweigh the evidence. Following our review of the record, we conclude that substantial evidence supports the ALJ's credibility determinations, for the reasons stated in his opinion.

III

■ Claimant contends the ALJ improperly analyzed evidence of his mental impairments, namely depression and alcohol problems, and that the Appeals Council erred in rejecting the opinions of Dr. Summerhouse and Dr. Schell. Dr. Summerhouse's progress notes mention depression, but the ALJ chose to rely on the report of an examining psychiatrist, Dr. Romalis, in support of his conclusion that Claimant's depression was minimal and reactive, and did not constitute a severe mental impairment. The evidence presented to the Appeals Council subsequent to the ALJ's decision included Dr. Summerhouse's August 19, 1988 letter, opining that Claimant's psychological impairment in combination with his osteoarthritis "would very well [disable him] even from sedentary work." Letter, Appellant's App., Transcript at 287. Additionally, Claimant was tested by a psychologist, Dr. Schell, whose forty-page report indicated a diagnosis of Major Depression. Psychological Evaluation, *id.* at 299. Claimant's medical records, including Dr. Schell's report, were then examined by Dr. Myers, a consulting psychiatrist. Dr. Myers opined that Dr. Schell's report "attempts to overwhelm by its sheer volume and verbiage," and concluded that the diagnosis was not supported by the record. Memorandum, *id.* at 330. Based on Dr. Myers' report, the Appeals Council rejected Dr. Schell's report. The Council rejected Dr. Summerhouse's opinion because it was inconsistent with his previous progress notes indicating that Claimant's depression was improving and alcohol was no longer a problem, and because Dr. Summerhouse is not a psychiatrist. Decision, *id.* at 283.

Claimant argues: 1) Dr. Summerhouse is competent to diagnose Claimant's mental impairments, 2) Dr. Romalis' report should not be relied on because he saw Claimant only once, 3) Dr. Romalis' findings do not contradict Dr. Summerhouse's diagnosis of depression because Dr. Romalis also noted depression, and therefore the difference is "a matter of degree," 4) Dr. Romalis' report should not be relied on because he did not test Claimant as Dr. Schell did, and 5)

Dr. Myers' report should not be relied on to reject Dr. Schell's conclusions because Dr. Myers never saw Claimant and didn't support his criticisms of Dr. Schell's report with specifics.

In essence, Claimant again urges us to reweigh the evidence. Our review of the record, however, convinces us that however differently we might have weighed the evidence, both the ALJ and Appeals Council gave specific and legitimate reasons for rejecting the opinions of Dr. Summerhouse and Dr. Schell with regards to Claimant's alleged mental impairments. Further, substantial evidence supports the ALJ's determination that Claimant suffers no severe mental impairment.

### IV

Claimant's only legal challenge is his contention that the ALJ failed to consider his nonexertional limitations, his pain and mental impairments, in combination with his physical complaints, as required by *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir.1987). Although the ALJ's opinion is not a model of clarity on this point, we cannot agree. The district court remanded the case to the ALJ for consideration of Claimant's nonexertional limitations in conjunction with his physical impairments. Journal Entry, Appellant's App. at tab 12. The ALJ's opinion discusses each of Claimant's nonexertional limitations in turn, including his allegations of pain and depression. The ALJ then states: "I conclude, based on all the evidence, that the claimant retains a limited, light, residual functional capacity and a fairly wide sedentary capacity." Recommended Decision, Appellant's App., Transcript at 186. We conclude from this statement that the ALJ considered all of Claimant's impairments in combination in reaching his result. *See Renner v. Heckler*, 786 F.2d 1421, 1424 (9th Cir.1986) (per curiam) (ALJ need not precisely enunciate each decisional step).

■ In sum, the vast majority of Claimant's arguments go to the weight of the evidence. Claimant argues the strength of the evidence in his favor and seeks to discredit the evidence the ALJ relied on, as well as the credentials of the physicians providing that evidence. However, our limited scope of review precludes this court from reweighing the evidence or substituting our judgment for that of the Secretary. *Hargis v. Sullivan*, 945 F.2d 1482, 1486 (10th Cir.1991). As long as substantial evidence supports the ALJ's determination, the Secretary's decision stands. *See Lankford v. Sullivan*, 942 F.2d 301, 305 (6th Cir.1991) (per curiam).

We have considered the remainder of Claimant's arguments and find them to be without merit. Following our careful review of the entire record on appeal, we conclude that substantial evidence supports the decision of the Secretary that Claimant is not disabled within the meaning of the Social Security Act. The judgment of the United States District Court for the District of Kansas is AFFIRMED.

KANE, Senior District Judge, concurring.

I concur with the well-reasoned opinion of the court, believing that under the circumstances of the case, Claimant Hamilton was not prejudiced. I write this concurring opinion because I think the procedures used at the district court were inappropriate. Since, however, these issues were not raised in the briefs, the views expressed here are not, in my view, appropriate for the opinion of the court.

This case was decided *on appeal* by the district court on the basis of a "Motion to Affirm" filed by the Secretary. This so-called motion to affirm is not authorized by Congress and in fact is prohibited by this court in cases before us—*see* 10th Cir.R. 27.2.1. ("Except as otherwise expressly provided in this rule, no motion may be filed to affirm the judgment appealed from or to dismiss the appeal.") For reasons which follow, I think the same rule should obtain in the district courts when they function in an appellate capacity. In that regard I note that no mention of motions to affirm is included in the Kansas District Court Rules. However, Rule 503 of that district's rules, entitled "Social Security Cases," states:

In proceedings for review of actions by the Secretary of Health and Human Services under Title 42 of the United States Code, the Secretary shall cause an answer and a certified copy of the transcript of the record to be filed within 90 days, or within such additional time as may be granted by order of the court for good cause shown, after service of the complaint for review pursuant to Fed. R.Civ.P. 4. Within 30 days from the filing of the defendant's answer, the plaintiff shall also serve and file an appropriate dispositive motion and memorandum. Within 60 days from receipt of plaintiff's motion and memorandum, defendant shall serve and file a memorandum in opposition. The case shall be deemed submitted 15 days after the filing of the defendant's memorandum, without oral argument, unless otherwise directed by the court.

D.Kan.Rule 503.

Thus, even under this rule, I think the government's filing of a motion to affirm was improper. Rule 503 provides that only the claimant may file "an appropriate dispositive motion," and limits the government to a responsive memorandum in opposition to the claimant's motion. There is wisdom in the rule. When the government files a motion to affirm, it reverses the positions of the parties, limiting a claimant's appellate arguments to responses to the government's motion.

Thus, a claimant is deprived of the opportunity to file a reply brief, and the government, in filing a motion to affirm, implicitly defines the issues on appeal. D.Kan.R. 503 does not provide for the filing of a reply brief, although, in this case, Claimant did file one, but, because individual social security cases begin with the filing of a Complaint, that document defines the issues on appeal. Practically speaking, reducing the claimant to responding to the government's motion to affirm can have the effect of limiting the claimant's arguments on appeal. In sum, D.Kan.R. 503 precludes the government's filing of a motion to affirm in this case. I have found no case law addressing the propriety of motions to affirm in social security cases or any other context. I did find, however, individual social security cases where motions to affirm were filed and so noted on appeal. *See, e.g., Martinez v. Secretary of Health & Human Servs.,* 815 F.2d 1381, 1382 (10th Cir.1987) (per curiam).

Other social security appeals in the district courts have been considered on the basis of motions for summary judgment. The inappropriateness of summary judgment at the district court level in an individual social security case is likewise obvious and commonsensical. First, the purpose of summary judgment, to avoid meritorious consideration of nontriable issues, *see Jones v. Nelson,* 484 F.2d 1165, 1167 (10th Cir.1973), is not served by making such a motion at the district court level. The "trial" has already occurred at the agency level, and the district court acts as a first-tier appellate court in reviewing these cases. *See Igonia v. Califano,* 568 F.2d 1383, 1387 (D.C.Cir.1977).

Second, the district court does not apply summary judgment standards, namely, whether material issues of fact exist and, if not, whether the moving party is entitled to judgment as a matter of law, in review of an individual social security case. Basically, the facts are determined by an ALJ at the agency level, including both medical facts and ultimate facts such as whether the claimant is disabled. *See Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir.1984). The ALJ also makes credibility determinations and weighs the evidence as a factfinder to reach a result. *See Swanson v. Secretary of Health & Human Servs.,* 763 F.2d 1061, 1064 (9th Cir.1985) (credibility determinations); *Sanchez v. Secretary of Health & Human Servs.,* 812 F.2d 509, 511 (9th Cir.1987) (resolving disputes in evidence). When a social security case comes before a district court, the court's review is limited, as is this court's, to a determination of whether the record as a whole contains substantial evidence to support the agency's decision, and whether the agency applied the proper legal standards. *See Emory v. Sullivan,* 936 F.2d 1092, 1093 (10th Cir.1991).

Nonetheless, the practice is quite common. A quick review of circuit-level decisions on Westlaw provided several examples where courts recited that motions for summary judgment were filed before district courts in individual social security cases. *See, e.g., White v. Sullivan,* 901 F.2d 94, 95 (8th Cir.1990) (per curiam). Further, several courts have gone so far as to cite to both standards of review—social security and summary judgment—in support of their decisions. *See, e.g., Hammock v. Bowen,* 879 F.2d 498, 501 (9th Cir.1989) ("This court reviews de novo the district court's grant of summary judgment for the Secretary. We affirm a denial of benefits when the Secretary's decision is supported by substantial evidence and is free from legal error.") (citations omitted.)[1]

Unlike many other agency review procedures, the district court's review of an individual social security case begins with a Complaint and Answer. Faced with the government's Answer, it may be that practitioners with little or limited experience in individual social security cases file motions for summary judgment because that is a common pre-trial practice in nonagency cases. In this case, Claimant's attorney was also subject to D.Kan.R. 503 and faced with the government's "Motion to Affirm." Directed to file an "appropriate dispositive motion," he filed a motion for summary judgment. In light of the standards and purposes of summary judgment, such a motion is not an "appropriate dispositive motion" before the Kansas district court in an individual social security case.[2]

I recognize that other circuits have allowed motions for summary judgment in these cases and that there has been some slippage in this circuit with respect to our rule against such use. Accordingly, I think this present analysis is necessary.

A majority of courts permit district court review by Rule 56 motion, if not expressly require it.[3] *See Lovett v. Schweiker,* 667 F.2d 1, 2–3 (5th Cir.1981) (permitting use of summary judgment); *Milton v. Harris,* 616 F.2d 968, 975 (7th Cir.1980) (summary judgment appropriate where plaintiff does not challenge the completeness of the record); *Beane v. Richardson,* 457 F.2d 758 (9th Cir.), *cert. denied,* 409 U.S. 859, 93 S.Ct. 144, 34 L.Ed.2d 105 (1972); *Johnson v. Califano,* 434 F.Supp. 302, 310 (D.Md.1977) (whether social security benefits claim is supported by substantial evidence is a legal question to "which summary judgment procedure is particularly applicable"); Harvey L. McCormick, *Social Security Claims and Procedures,* § 732 at 308 (4th ed. 1991) (stating majority rule).

Others consider such motions to be improper procedurally, deeming them motions for judgment on the pleadings, motions for affirmance, or some hybrid thereof. *See, e.g., Igonia,* 568 F.2d at 1389 (court should more correctly enter either judgment on the pleadings under Rule 12(c) or an order pursuant to a motion under Rule 7(b)(1)); *Morton v. Califano,* 481 F.Supp. 908, 914 n. 2 (E.D.Tenn.1978) (although frequently used as a procedural device, summary judgment "is not technically correct or nec-

---

1. Interestingly, at the circuit level, this juxtaposition of the two standards actually makes some sense, since, as the second-tier appellate court, a circuit court *does* apply the same standard of review as the district court—the standard applicable to appellate review of individual social security cases.

2. I note that it is important to distinguish social security cases determining the disability of individual claimants from other social security cases. In many instances, a motion for summary judgment will be appropriate in a social security setting. For example, *Vallejo General Hospital v. Bowen,* 851 F.2d 229 (9th Cir.1988), involved a challenge to the Secretary's decision on reimbursements.

3. In fact, one commentator advises practitioners to give "immediate consideration" to the filing of a motion for summary judgment once the Secretary has answered and served a copy of the administrative record, *see* Harvey L. McCormick, *Social Security Claims and Procedures* § 732 at 307 (4th ed. 1991), and another points to the local rules of several district courts which require that social security cases be decided by summary judgment motion and establish a briefing schedule for such motions, *see* The Lawyer's Co-Operative Publishing Co., *Federal Practice: Lawyers Edition* § 71:665 n. 70 (1985) (citing local rules of federal district courts in Illinois, Maine, Missouri, South Carolina, and Texas).

essary under ... 42 U.S.C. § 405(g)"); *Garcia v. Califano,* 463 F.Supp. 1098, 1100–01 (N.D.Ill.1979) (treating cross motions for summary judgment as motions for affirmance and reversal of Secretary's decision); *Torphy v. Weinberger,* 384 F.Supp. 1117, 1119 (E.D.Wis.1974) (same).

The Fifth Circuit, in *Flores v. Heckler,* discussed the prevailing approach on this issue. Relying on cases from its circuit and other jurisdictions, the court noted that because "district courts in § 405(g) cases may not consider evidence outside the administrative record, ... summary judgment is therefore 'a problematic procedure' in disability appeals." 755 F.2d 401, 403 (5th Cir.1985) (quoting *Lovett,* 667 F.2d at 2–3). The more important consideration in *Flores* was whether parties had an appropriate opportunity to present their arguments. *Id.* In that case, the district court entered summary judgment for the Secretary sua sponte, apparently before any briefing had occurred. Counsel for the plaintiff filed a motion for new trial and for summary judgment, including a twenty-two-page memorandum supporting the motion. The Fifth Circuit found no error in this procedure.

Whether the court proceeds under Rule 56 or under Rule 12(c), which authorizes motions for judgment on the pleadings, does not give us pause. We have noted that Rule 56 does not fully fit the district court's role in the review of the Secretary's decision. Regardless, the procedures of Rule 56 are used nigh universally in this circuit because its familiar procedural commands get the job done. Nothing prohibits this course.

On these facts, however, the district court's error was harmless. In his Amended Motion for New Trial, Flores fully presented his substantive arguments to the district court. In denying the motion, the court stated that it had reviewed "the motion, the record, and the law." Thus, our concern that "a party must have a fair opportunity to develop the record in opposition" to a judgment has been satisfied.

*Id.*

Although the Fifth Circuit's opinion in *Flores* alluded to concern over the fairness of proceedings in which there has been no opportunity for briefing before the court ruled, the dispute over whether to permit decision by way of summary judgment stems more from lack of statutory or other guidance on how to bring social security cases to issue, not whether the summary judgment procedure deprives a claimant of a fair hearing. *See, e.g., Clevenger v. Weinberger,* 375 F.Supp. 821, 822 (W.D.Mo. 1974) (since an action under 42 U.S.C. § 405(g) raises only an issue of law, it is in the proper posture for summary judgment); *Johnson v. Gardner,* 284 F.Supp. 230, 233 (C.D.Cal.1968) (summary judgment an "appropriate way of bringing the matter on for judicial decision").

Courts disapproving of use of the summary judgment procedure have done so not because the plaintiff is deprived of a fair hearing, but because the procedure permits parties to support their position by affidavits, depositions, and other supplemental materials going beyond the administrative record by which the district court is statutorily bound. *See, e.g., Mercado v. Secretary of Health & Human Servs.,* 573 F.Supp. 1023, 1025 (D.P.R.1983). If additional evidence is to be considered; it must be by way of remand. *See Brown v. Secretary of Health, Educ. & Welfare,* 403 F.Supp. 938, 940–43 (E.D.Wis.1975).

My concern, however, is that the summary judgment procedure deprives the plaintiff of a fair hearing. In this circuit, there is authority that any type of summary proceeding, whether it be by motion for judgment on the pleadings, motion for affirmance or reversal, or motion for summary judgment, is improper in a social security case. In *Johnson v. Weinberger,* a social security case in which the Secretary moved for summary judgment, Judge Arraj held:

> Although we now have before us the entire record, consisting of the pleadings and a certified copy of the transcript of the administrative proceeding, summary judgment is not the proper vehicle for resolution of the issues. As recently pointed out by the Court of Appeals for

the Tenth Circuit, a dispute concerning the presence or absence of substantial evidence in a record is itself a genuine issue of material fact, precluding an award of summary judgment. *Nickol v. United States,* 501 F.2d 1389 (10th Cir. 1974). Therefore the defendants' motion for summary judgment must be denied. Nevertheless, since all the evidence is now before us, the case is ripe for final disposition; accordingly, we now proceed to make findings of fact and conclusions of law.

388 F.Supp. 628, 629 (D.Colo.1974); *see also Morton,* 481 F.Supp. at 914 n. 2 (" 'Ruling on the transcript and pleadings constitutes final disposition of the cause, and cannot properly be labeled summary within the contemplation of Rule 56.' ")

Judge Arraj's reliance on *Nickol v. United States* was well placed. In that case, we reversed the district court's decision on summary judgment affirming a Board of Land Appeals' ruling on the validity of a mining claim. We held that "where the determination [is] under 5 U.S.C. § 706 [of the Administrative Procedure Act], and the issue of whether or not the determination is 'unsupported by substantial evidence,' and where there is 'substantial controversy' as to the 'material facts,' the district court is precluded from entering Fed. R.Civ.P. 56 type of 'summary judgment.' " 501 F.2d 1389, 1391 (10th Cir.1974). We looked to the Supreme Court's decision in *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), as a "significant procedural indication of the nature of the statutory review to be here applied." *Nickol,* 501 F.2d at 1391. We found that under *Overton Park,* the district court must engage in " 'a substantial inquiry' " and its review of the administrative record must be " 'searching and careful.' " *Id.* Because the district court failed to make any formal findings supporting its ruling in *Nickol,* we concluded that it had not satisfied the requirements of *Overton Park* to "examine the facts in the record, evaluate the conflicts, and to then make a determination therefrom whether the facts supported the several elements which made up

the ultimate administrative decision." *Id.* at 1390; *see also Heber Valley Milk Co. v. Butz,* 503 F.2d 96, 97–98 (10th Cir.1974) (summary judgment improper in action to review Department of Agriculture milk order).

We have indicated that the rationale of *Nickol* applies in social security cases, *see Mandrell v. Weinberger,* 511 F.2d 1102, 1103 (10th Cir.1975), as did Judge Arraj in *Johnson* and other district courts in this circuit, *see, e.g., Gonzales v. Califano,* 452 F.Supp. 411, 412 (D.N.M.1978). *But see Milton v. Harris,* 616 F.2d at 973 (disagreeing with our position that review of the administrative record requires a more thorough consideration than is possible under summary judgment procedure). Yet our later decisions in the social security area seem to ignore this precedent. *See, e.g., Greer ex rel. Greer v. Heckler,* 756 F.2d 794, 796 (10th Cir.1985) (affirming district court's decision on summary judgment motion in action under 42 U.S.C. § 405(g)). Nevertheless, I think *Nickol* is still good law.

Although *Nickol* does not speak directly to my concern that the summary judgment procedure "short circuits" a plaintiff's ability fully to present his arguments in a social security case, thereby depriving him of due process, it does support my view that the district court must undertake a careful, searching review of the record without resort to the truncated procedure under Rule 56 and, arguably, Rule 12. Therefore, I think this issue merits clarification. The use of motions to affirm, motions to reverse, motions for judgment on the pleadings, and motions for summary judgment in social security actions appears to have started because the parties were uncertain how to bring such actions to a decision. *Nickol* still reflects this court's view on summary judgment in social security cases. Consequently, district courts should process these cases as appeals, eliminate aberrant motion practices, and follow the Federal Rules of Appellate Procedure.