17 F.3d 1436
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Augustine S. CORDOVA, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Department of Health & Human
Services, Defendant-Appellee.
 No. 93-1268.
 United States Court of Appeals,
Tenth Circuit.
 March 10, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and BRORBY, Circuit Judges, and BROWN,** Senior District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Augustine S. Cordova appeals from an order of the district court affirming the Secretary's determination not to award plaintiff Social Security benefits.[2] We affirm.
 
 
 4
 Plaintiff alleged disability due to multiple physical problems including recurring eczematous lipomatous lesions and arthritis of his hands, feet, and back. He also alleged a mental impairment due to posttraumatic stress disorder (PTSD). Plaintiff was born in 1944. He has an eleventh grade education and can read and write. He previously worked as a manual laborer.
 
 
 5
 The magistrate judge recommended the Secretary's decision be reversed. The magistrate judge found that the record supported plaintiff's complaints of disabling pain and, therefore, the administrative law judge (ALJ) erred in considering plaintiff not credible. The magistrate judge determined the ALJ should have rejected the vocational expert's opinion that plaintiff could perform jobs existing in the national economy because that opinion was based on the ALJ's first hypothetical which assumed unsupported facts. The magistrate judge concluded the vocational expert's opinion based on the second hypothetical, that plaintiff could perform no jobs in the national economy, was correct.
 
 
 6
 The district court rejected the recommendation and held that the ALJ's credibility determination was supported by the medical evidence. The court also held that the ALJ had properly stated the evidence in the first hypothetical.
 
 
 7
 On appeal, plaintiff asserts the ALJ's decision is not supported by substantial evidence. He argues the ALJ did not consider his impairments in combination and, by adopting the first hypothetical, selectively considered the vocational expert's opinion. Plaintiff argues the ALJ erroneously did not look at his ability to maintain a job as well as his ability to obtain a job.
 
 
 8
 We review the Secretary's decision to determine whether her factual findings are supported by substantial evidence in the record viewed as a whole and whether she applied the correct legal standards. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). Further, credibility determinations are the province of the ALJ. Williams v. Bowen, 844 F.2d 748, 755 (10th Cir.1988).
 
 
 9
 The record supports the ALJ's determination.[3] Plaintiff's skin condition was diagnosed in 1969 and is controllable with medication.[4] He was diagnosed as having PTSD in 1982. PTSD appears to have limited plaintiff's ability to interact socially but not to have prevented him from working as he worked until 1989. Plaintiff presented no evidence either condition had worsened since he last worked.
 
 
 10
 The ALJ gave sufficient reasons for finding plaintiff's allegations of pain not credible to the extent claimed. The ALJ agreed plaintiff's skin problems could reasonably be expected to produce some pain and, therefore, considered plaintiff's allegation that the pain was disabling. See Luna v. Bowen, 834 F.2d 161, 164 (10th Cir.1987). In determining the credibility of plaintiff's testimony regarding his pain, the ALJ considers:
 
 
 11
 the levels of medication and their effectiveness, the extensiveness of the attempts (medical or nonmedical) to obtain relief, the frequency of medical contacts, the nature of daily activities, subjective measures of credibility that are peculiarly within the judgment of the ALJ, the motivation of and relationship between the claimant and other witnesses, and the consistency or compatibility of nonmedical testimony with objective medical evidence.
 
 
 12
 Huston v. Bowen, 838 F.2d 1125, 1132 (10th Cir.1988).
 
 
 13
 The record shows plaintiff's pain is relieved by mild pain medication. Plaintiff appears to seek medical treatment only when his medical conditions exacerbate. Plaintiff presented inconsistent evidence regarding his activities. He testified to minimal activity, yet told a psychiatrist he would walk around for an hour in the mornings. The ALJ may find a claimant not fully credible if he gives inconsistent testimony. See Eggleston v. Bowen, 851 F.2d 1244, 1247 (10th Cir.1988); see also Fowler v. Bowen, 876 F.2d 1451, 1455 (10th Cir.1989)(Secretary not required to accept self-serving statements). Plaintiff did not show his pain was so severe, either by itself or in conjunction with other impairments, as to preclude any substantial gainful employment. See Gossett v. Bowen, 862 F.2d 802, 807 (10th Cir.1988).
 
 
 14
 The ALJ partially credited plaintiff's testimony, i.e., he could not lift as much as he used to, could not perform repetitive hand motions, must avoid working in environments that might exacerbate his skin problems, and could not work where he must engage in extensive interpersonal interaction. These restrictions were included in the first hypothetical posed to the vocational expert. The record supports the ALJ's decision to accept the vocational expert's recommendation based on the first hypothetical. The record contains substantial evidence to support the ALJ's findings. The ALJ's determination is legally sound.
 
 
 15
 The judgment of the United States District Court for the District of Colorado is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 [2]
 Plaintiff asserts he has been found disabled as of October 1992 on a new application which contained no new conditions or information. The Secretary asserts new information was submitted which showed plaintiff's condition had worsened. We do not address or consider any issues relating to the new application. Further, the new application does not impact our decision here
 
 
 [3]
 Plaintiff asserts the ALJ should have considered that he was awarded a ten percent disability by the Veteran's Administration due to neurosis and dermatitis. A finding of partial disability by the Veteran's Administration is not binding on the Secretary, see Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir.1992), nor does it show total disability
 
 
 [4]
 Although plaintiff asserted to the ALJ that he does not take his medications because he cannot afford them, he does not make that argument here