34 F.3d 1076
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Margaret L. GONZALES, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 93-2290.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff Margaret L. Gonzales appeals from an order of the district court affirming the Secretary's decision to deny her applications for social security disability benefits and supplemental security income. Plaintiff alleged a disability based on a combination of several mental and physical impairments. The administrative law judge (ALJ) found that, despite her impairments, plaintiff could still perform her past relevant work as a courtesy clerk and, accordingly, determined she was not disabled at step four of the controlling sequential analysis. See 20 C.F.R. 404.1520, 416.920; see also Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(describing steps). Following the denial of further administrative review, plaintiff unsuccessfully challenged the Secretary's decision in the district court, from which this appeal is taken.
 
 
 4
 We review the Secretary's decision to determine whether the factual findings are supported by substantial evidence and correct legal standards were applied. Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1047 (10th Cir.1993). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)(internal quotation omitted). We will not second-guess the ALJ's credibility determinations, see Williams, 844 F.2d at 755, nor will we reweigh the evidence generally, see Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). Adhering to these standards, we affirm for the reasons that follow.
 
 
 5
 This appeal is limited to two general assignments of error. First, plaintiff contends the ALJ erroneously concluded her mental impairments (depression and personality disorder) were not "severe" and, thus, were insufficient to satisfy the minimal, threshold standard imposed at step two of the analysis. See 404.1520(c), 416.920(c); Williams, 844 F.2d at 751. Second, plaintiff argues that the courtesy clerk position relied on by the ALJ at step four could not properly constitute her past relevant work, because it did not qualify, first, as substantial gainful activity. See 20 C.F.R. 404.1565(a), 416.965(a); Jozefowicz v. Heckler, 811 F.2d 1352, 1355 (10th Cir.1987).
 
 
 6
 Plaintiff's first issue dissolves upon a close reading of the administrative decision under review. The ALJ never ruled out plaintiff's mental impairments from consideration as "non-severe" at step two. On the contrary, the ALJ found at the outset that plaintiff had "severe medically determinable impairments which limit her functional capacity," App. at 67, and then proceeded to consider such post-step two matters as the listings, plaintiff's residual functional capacity (RFC), and plaintiff's ability to perform past relevant work, all primarily in relation to her mental impairments,[2] id. at 67-70. While the ALJ ultimately concluded that plaintiff's "psychological condition does not impose any severe limitations" on her ability to do the type of light work she had performed in the past, id. at 69, use of the term "severe" in this (step four) connection contradicts rather than confirms a step two determination, as the latter requires merely something "more than a minimal effect"--not a severe limitation--on work activities. Williams,[3] 844 F.2d at 751.
 
 
 7
 In any event, the only challenge raised with respect to the ALJ's dispositive determination at step four centers on the designation of plaintiff's past relevant work, not on her ability to perform it. As noted above, plaintiff contends her employment as a courtesy clerk does not qualify in this regard because it was not substantial gainful activity. To support this contention, plaintiff invokes the Secretary's "[e]arnings guidelines," which specify bench-mark wage levels that, at the upper extreme, "ordinarily show that you have engaged in substantial gainful activity," 20 C.F.R. 404.1574(b)(2),416.974(b)(2), and, at the lower extreme, "ordinarily show that you have not engaged in substantial gainful activity," 404.1574(b)(3),416.974(b)(3). Wage levels that fall between the specified upper and lower limits necessitate the consideration of additional, nonpecuniary information. 404.1574(b)(6),416.974(b)(6). Noting that she worked eighteen hours per week at $4.11 per hour, plaintiff calculates her monthly earnings at $295.92 per month (18 X $4.11 X 4), which would place her between the upper limit of $300 and lower limit of $190, and argues that the ALJ erred in holding such work sufficient for step four purposes without considering additional information.
 
 
 8
 The Secretary points out the obvious error in plaintiff's calculation--it assumes that a month is equivalent to four weeks (and, consequently, that a year consists of only forty-eight weeks). The proper calculation of monthly earnings requires translation of weekly wages into yearly income, which can then be translated back directly into monthly terms. In this case, that leaves us with (18 X $4.11 X 52)x1/12=$320.58, which is well above the applicable level for substantial gainful activity.
 
 
 9
 The judgment of the United States District Court for the District of New Mexico is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [2]
 The ALJ did refer to plaintiff's various mental and physical complaints collectively as her "severe and non-severe impairments," App. at 67, 70, but he never identified her mental impairments as the ones deemed non-severe. More importantly, as noted above, the ALJ's express consideration of plaintiff's mental impairments at steps three and four undercuts her objection that they had been dropped prematurely from the analysis at step two
 
 
 [3]
 Significantly, the ALJ cited Williams several times in his analysis of plaintiff's mental impairments, but not for that opinion's specification of the step two standard. Rather, the ALJ looked to Williams solely for guidance on the analytically subsequent question regarding the effect of nonexertional impairments on RFC. Compare Williams, 844 F.2d at 751 with id. at 753