64 F.3d 669
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lemuel C. MCKINNEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 94-7162.
 United States Court of Appeals, Tenth Circuit.
 Aug. 18, 1995.
 
 Before TACHA, LOGAN, and BRISCOE, Circuit Judges.
 
 ORDER AND JUDGMENT[2]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff appeals from a district court order affirming the Secretary's decision to deny social security benefits. We closely examine the record as a whole to determine whether that decision is supported by substantial evidence and conforms to applicable legal standards. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir.1994). As explained below, we affirm the Secretary's denial of benefits for substantially the reasons articulated in the thorough decision of the administrative law judge (ALJ).
 
 
 3
 Plaintiff complains primarily of restrictions and pain associated with the skeletal structures of his neck, back, and pelvis. In addition, he had surgery for carpal tunnel syndrome in 1987, incurred and recovered from an iatrogenic narcotic dependency during a two-month hospitalization for pancreatitis in 1990-91, and is diabetic. The ALJ determined that plaintiff's impairments restricted his residual functional capacity (RFC) to a limited range of light work (requiring minimal bending/stooping, involving limited standing and walking, and permitting postural (sit/stand) changes as needed), which precluded his return to past occupations of plumber and quality control inspector. However, on the basis of testimony from a vocational expert, the ALJ concluded plaintiff could still perform a significant number of jobs and, accordingly, found plaintiff not disabled at step five of the controlling analytical sequence. See generally Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir.1988)(detailing five-step analysis from 20 C.F.R. 404.1520 & 416.920).
 
 
 4
 On appeal, plaintiff raises three general objections, none of which are meritorious. First, he argues that the ALJ's factual findings regarding the severity and vocational consequences of his impairments are not supported by substantial evidence. We disagree. The ALJ's findings of impairment are consistent with the documentation supplied by plaintiff's treating physician and all but one of the examining physicians. Compare R. Vol. II, at 131 (treating physician's report indicating plaintiff cannot return to work as plumber, but could do light work) and id. at 179 (examining physician's report recognizing plaintiff's tolerance for light work, with specified limitations) and id. at 182 (same) and id. 176 (examining physician's report rating plaintiff's disability as only "5% loss of function") with id. at 186 (examining physician's report finding plaintiff "permanently disabled from performing any gainful activities"). In light of this evidence, and the ALJ's related credibility determinations, to which we owe due deference, see Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 801 (10th Cir.1991), we must accept the ALJ's specification of plaintiff's exertional and nonexertional limitations, see generally Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1500 (10th Cir.1992). As for their vocational consequences, an expert testified that, even with such limitations, plaintiff could perform machine operator and production inspector jobs available nationally and regionally in significant numbers, R. Vol. II, at 54, which is a sufficient basis for a finding of nondisability at step five, see Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993).
 
 
 5
 Plaintiff argues the ALJ failed to follow that portion of the expert's testimony supporting total disability. However, such testimony was obtained only by requiring the expert to assume unestablished facts; when presented with a hypothetical inquiry containing only those impairments properly found by the ALJ, the expert responded as indicated above. See R. Vol. II, at 53-55. Thus, plaintiff has no grounds for objection in this regard. See Gay, 986 F.2d at 1340-41.
 
 
 6
 Finally, plaintiff contends the ALJ failed to follow Social Security Ruling (SSR) 83-12, which governs when the claimant's RFC "is compatible with the performance of either sedentary or light work except that the person must alternate periods of sitting and standing." SSR 83-12, 1983 WL 31253, * 4. This contention borders on the frivolous. The ALJ's elicitation of expert testimony specifying the vocational effect of plaintiff's sit/stand requirements is precisely what the cited ruling calls for: "In cases of unusual limitation of ability to sit or stand, a VS [vocational specialist] should be consulted to clarify the implications for the occupational base." Id.
 
 
 7
 The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470