73 F.3d 374
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert B. PITTS, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,[1] Defendant-Appellee.
 No. 95-5070.
 United States Court of Appeals, Tenth Circuit.
 Dec. 22, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 ORDER AND JUDGMENT[2]
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Robert B. Pitts, Jr., appeals the district court's judgment affirming the denial of his application for social security disability benefits and for supplemental security income by the Secretary of Health and Human Services. On appeal plaintiff asserts that the adverse findings against him were not based on substantial evidence, and that the decision was based on improper questions the administrative law judge (ALJ) asked the vocational expert witness.
 
 
 3
 We review to determine whether the Secretary's findings were supported by substantial evidence based on the entire record, and whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). In determining whether the ALJ asked an improper question of the vocational expert we note that the question posed need include only impairments the ALJ permissibly finds are established by the evidence. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993).
 
 
 4
 We have carefully examined the record. Plaintiff presented a significant amount of written medical evidence from his many visits to doctors and to the Veterans Administration Hospital with respect to his various health complaints. At the hearing the only oral evidence he presented was his personal testimony. The ALJ's decision denying benefits is comprehensive and accurately reflects plaintiff's medical history. It makes credibility determinations that are within the proper scope for a trier of fact and not clearly erroneous. We find no error in the ALJ's application of the law. Based upon his fact findings the hypothetical questions the ALJ asked the vocational expert were proper. We therefore affirm on the basis of and substantially for the reasons stated in the ALJ's decision of May 2, 1992, which was affirmed by the Appeals Council and the district court.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470