74 F.3d 1249
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Glen MONTGOMERY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
[1] Defendant-Appellee.
 No. 95-3100.
(D.C.No. 93-CV-2177)
 United States Court of Appeals, Tenth Circuit.
 Jan. 2, 1996.
 ORDER AND JUDGMENT[2]
 
 1
 Before BRISCOE and LOGAN, Circuit Judges, and THOMPSON,* District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Claimant Glen Montgomery appeals the district court's order affirming the denial of his application for supplemental security income by the Secretary of Health and Human Services (Secretary). After his claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step five of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir.1988)(discussing five steps). The ALJ concluded that although claimant was unable to return to his past employment as a truck driver, van driver and custodian, he retained the capacity to perform a significant number of sedentary jobs that exist in the economy. The Appeals Council denied review.
 
 
 4
 We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards, Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir.1994), but we do not reweigh the evidence, Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir.1992). We affirm.
 
 
 5
 Claimant alleges disability since June 20, 1990, due to pain in his back and knee, chronic obstructive pulmonary disease, and mental problems. On appeal, claimant argues the ALJ did not include his mental problems and sitting requirements in the hypothetical question posed to the vocational expert (VE). He claims the VE testified that no jobs were available to him because he must keep his leg elevated to waist height for twenty to thirty minutes of every hour. He further claims that the hypothetical question did not accurately describe his condition because it did not include reference to his mental impairments. The ALJ considered evidence of claimant's mental condition submitted after the hearing.
 
 
 6
 Claimant testified that he normally sat with his legs elevated to keep his knee from hurting, II R. at 66-68, but he could also sit with his feet on the floor with his legs straight, id. at 74. The VE identified approximately 8,500 jobs in Kansas that would permit claimant to occasionally stretch out his right leg. She also suggested that he could use a special chair to accommodate his knee problems.
 
 
 7
 The psychological evidence consisted of three reports, none of which was submitted by a treating physician. Frank Farinelli, M.S., submitted a form dated March 10, 1989, on which he stated that claimant suffered from an organic personality disorder of unknown duration. Mr. Farinelli checked the box on the form indicating that claimant's mental condition presented a substantial handicap to employment, but he did not state how claimant's personality disorder affected his ability to work. Indeed, Mr. Farinelli did not state that claimant was unable to work. Following the hearing, claimant was examined in early June, 1992, by J. Scott Morrison, M.D., a board certified psychiatrist, at the request of the Secretary. Dr. Morrison was "not able to come up with any significant psychiatric findings," concluding claimant was not psychiatrically disabled. Id. at 216. Later in June 1992, claimant was examined by S. Douglas Witt, Ph.D., a clinical psychologist, who concluded that claimant was unable to work due to his mental problems, id. at 223, but he did not make a diagnosis of claimant's condition, or explain how claimant's mental problems affected his ability to work. He could not state the duration of claimant's mental problems. Moreover, claimant did not testify that he had mental problems.
 
 
 8
 One of the three mental health professionals diagnosed claimant as suffering from a personality disorder. The existence of a mental disorder does not necessarily mean that a claimant is disabled, absent evidence that the disorder affects his ability to work. See Bernal v. Bowen, 851 F.2d 297, 301 (10th Cir.1988) (claimant suffering from major depression not automatically disabled where depression does not significantly limit ability to work). Furthermore, even though the evidence was conflicting on whether claimant had a disabling mental condition, there is no evidence that any such condition had lasted or was expected to last for twelve months, as required by 42 U.S.C. 423(d)(1)(A) to be disabling under the Social Security Act. A psychologist or psychiatrist may proffer an opinion that a claimant is disabled, but "the ultimate issue of disability is reserved to the Secretary." Castellano, 26 F.3d at 1029.
 
 
 9
 The evidence does not support claimant's assertion that he must sit with his legs elevated to waist height for twenty to thirty minutes of every hour. Although there was conflicting evidence about a mental impairment, there is substantial evidence to support the ALJ's conclusion that claimant did not suffer from a disabling mental impairment that had lasted or was expected to last for twelve continuous months. Therefore, the ALJ's failure to incorporate a mental impairment and a requirement that claimant elevate his legs into his hypothetical question posed to the VE was not error. See Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir.1993) (hypothetical question posed of VE need not include impairments not established by evidence).
 
 
 10
 We have carefully reviewed the record, and we have considered claimant's arguments in light of the record. We conclude that substantial evidence supports the Secretary's decision to deny claimant's application for supplemental security income.
 
 
 11
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 
 [1]
 Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R.App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision
 
 
 [2]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 *
 Honorable Ralph G. Thompson, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation