UNITED STATES COURT OF APPEALS
**Filed 10/9/96**
FOR THE TENTH CIRCUIT

JAMES E. JACKSON, SR.,

      Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,[*]

      Defendant-Appellee.

No. 96-5021
(D.C. No. 95-C-0068-J)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[**]

---

Before **PORFILIO**, **LOGAN**, and **LUCERO**, Circuit Judges.

---

Claimant James E. Jackson appeals from the magistrate judge's order

affirming the denial of his application for social security disability benefits and

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. In the text we refer to the Secretary because she was the appropriate party at the time of the underlying administrative decision.

[**]     At the parties' request, the case is unanimously ordered submitted without oral argument pursuant to the applicable rules. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

supplemental security income by the Secretary of Health and Human Services (Secretary). After his claim was denied administratively, a hearing was held before an administrative law judge (ALJ) who denied benefits at step four of the five-step evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing five steps). The ALJ concluded that claimant could perform his past work as a truck driver. The Appeals Council considered additional mental evaluation evidence but, nevertheless, denied review. On appeal to the district court, the parties consented to submit the case to a magistrate judge pursuant to 28 U.S.C. § 636(c). The magistrate judge upheld the Secretary's decision, and claimant now appeals to this court.

On appeal, claimant contends that the ALJ failed to evaluate properly his subjective complaints of pain, the medical evidence, his mental impairments, and his residual functional capacity (RFC). He also maintains that the analysis of his ability to do past relevant work was flawed, and the ALJ posed an improper hypothetical question to the vocational expert.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)(further quotation omitted)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992).

Claimant raises here two issues not presented to the district court: (1) the ALJ's evaluation of his RFC did not consider what work claimant could do on a sustained basis, and (2) the ALJ improperly analyzed claimant's ability to do his past relevant work. Because those arguments were not presented to the district court, we decline to address them. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994)("Absent compelling reasons, we do not consider arguments that were not presented to the district court.").

As to the remaining claims, we have carefully reviewed the record on appeal, as well as the briefs submitted by the parties. We are aware of Winfrey v. Chater, 92 F.3d 1017 (10th Cir. 1996), but find it distinguishable. Applying the standards set out above, we conclude, for substantially the reasons stated in the November 30, 1995 order by the magistrate judge, that substantial evidence supports the determination that claimant is not disabled within the meaning of the Social Security Act.

AFFIRMED.

ENTERED FOR THE COURT

-3-

Carlos F. Lucero
Circuit Judge