UNITED STATES COURT OF APPEALS
**Filed 10/9/96**
FOR THE TENTH CIRCUIT

RAYMOND L. SOLANO,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,[*]

       Defendant-Appellee.

No. 95-1523
(D.C. No. 94-Z-1924)
(D. Colo.)

ORDER AND JUDGMENT[**]

Before PORFILIO, LOGAN, and LUCERO, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34 (f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant Raymond L. Solano appeals from the district court's order affirming the denial of his application for social security disability benefits by the Secretary of Health and Human Services (Secretary). Following a hearing, the administrative law judge (ALJ) denied benefits at step five of the five-step sequential evaluation process. See Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988)(discussing five steps). The ALJ concluded that although claimant could not perform his past work, classified as medium, he could perform a full range of light work. The Appeals Council denied review, and the district court upheld the Secretary's decision. Claimant now appeals to this court.

The ALJ determined that claimant's eligibility for disability benefits was limited to a closed period of disability from September 12, 1990 through August 1, 1993. Claimant does not challenge that determination, but he claims he is entitled to benefits for that period. On appeal, he asserts that (1) because he had a nonexertional impairment, the ALJ's use of the medical-vocational guidelines (grids) was inappropriate; (2) the ALJ improperly limited the testimony of the

vocational expert (VE); and (3) the ALJ incorrectly equated claimant's general equivalency degree (GED) to a high school diploma.

We review the Secretary's decision to determine whether the findings of fact are supported by substantial evidence based on the entire record, and to ascertain whether she applied the correct legal standards. Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Soliz v. Chater, 82 F.3d 373, 375 (10th Cir. 1996)(quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)(further quotation omitted)). We do not reweigh the evidence. Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992).

Claimant alleges that the ALJ was precluded from using the grids because he suffered from psychological problems. The ALJ determined that claimant's psychological problems did not limit his ability to work. Because that determination is supported by substantial evidence, the ALJ's reliance on the grids was proper. See Castellano, 26 F.3d at 1030 (reliance on grids held proper where ALJ found claimant's pain testimony not fully credible).

Claimant next complains that the ALJ did not permit him to elicit testimony from the VE regarding cardiac rehabilitation from the psychological point of view, even though the VE was qualified to testify on those matters. The ALJ has

a duty to develop facts relevant to the decision.  Thompson v. Sullivan, 987 F.2d 1482, 1492 (10th Cir. 1993).  The "'inquiry is whether [sufficient questions were asked] to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities.'"  Id. (quoting Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992)).  Based on our review of the record, we find no error in the ALJ's decision to restrict the VE's testimony to vocational issues.

We do not address claimant's argument that a GED cannot be equated to a high school diploma because the grids direct a finding of not disabled even if he had neither a GED nor a high school diploma.  See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.10.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge

-4-