F I L E D
United States Court of Appeals
Tenth Circuit

JUN 4 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

JEAN S. DICKERSON,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER, Commissioner
of Social Security,

       Defendant-Appellee.

No. 96-1471
(D.C. No. 95-N-3039)
(D. Colo.)

ORDER AND JUDGMENT[*]

Before PORFILIO and LOGAN, Circuit Judges, and BURRAGE, District Judge.[**]

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Michael Burrage, Chief Judge, United States District Court for the Eastern District of Oklahoma, sitting by designation.

Claimant Jean Dickerson appeals from an order of the district court affirming the final decision of the Commissioner of Social Security denying her application for social security disability benefits. Claimant contends that she has been disabled since February 1991 due to right carpal tunnel syndrome, right shoulder pain, and depression. The administrative law judge (ALJ) denied benefits at step four of the five-part sequential process for determining disability. See 20 C.F.R. § 404.1520. The ALJ determined that claimant had the residual functional capacity to return to her past relevant work as a file clerk in an attorney's office. The Appeals Council denied review, making the ALJ's determination the final decision of the Commissioner.

We review the Commissioner's decision to determine whether it is supported by substantial evidence and whether the correct legal standards were applied. Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's factual findings are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), which is adequate relevant evidence that a reasonable mind might accept to support a conclusion, Richardson v. Perales, 402 U.S. 389, 401 (1971).

Claimant first contends that the ALJ erred in not recognizing the severity of her right carpal tunnel syndrome and depression, failing to make specific findings regarding the demands of her past relevant work as required by Henrie v. United

-2-

States Department of Health & Human Services., 13 F.3d 359, 361 (10th Cir. 1993), and Winfrey v. Chater, 92 F.3d 1017, 1023 (10th Cir. 1996), and concluding that she could return to her past relevant work. Based on the minimal objective clinical findings and claimant's daily activities, the ALJ found that any carpal tunnel syndrome from which claimant might be suffering was mild and that she was able to perform fine manipulations with her right hand. He also found that her depression was mild and did not significantly affect her mental functioning. Though the record contains some evidence to the contrary, primarily claimant's statements regarding the severity of her impairments, the ALJ's findings are clearly supported by substantial evidence. The ALJ found that her past relevant work was primarily sedentary, requiring her to lift no more than ten pounds and allowing her to sit for the greater part of the day.[1] In light of the

---

[1] Claimant described her work as a file clerk for an attorney as using postage and copy machines, answering the phone, putting files together, and filing documents with courts, and she indicated that the heaviest weight she lifted was ten pounds. Appellant's App. Vol. I at 114. We agree with the district court that the record does not contain evidence that she was required to perform keyboard work. The ALJ found that claimant could return to this job as she performed it, not as the job is performed in the national economy. Contrary to claimant's contentions, the ALJ did not need to consider the demands of her job as performed in the national economy. See Andrade v. Secretary of Health & Human Servs., 985 F.2d 1045, 1050-51 (10th Cir. 1993) (claimant must show both that she cannot perform actual past job and that job as generally performed in national economy).

ALJ's findings regarding claimant's impairments, these findings regarding her past work were sufficient.

Claimant next contends that the ALJ violated the treating physician rule by rejecting the opinions of Drs. Cramer and Seybold without good cause and by failing to develop the record regarding her deteriorating condition. Claimant did not raise this treating physician argument in the district court, and we therefore will not consider it on appeal. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994).[2] We also reject claimant's contention that her statements that her condition had deteriorated subsequent to the consultative physician examinations

---

[2]    Claimant contended in the district court that the "treating physicians" were claimant's treating chiropractor, occupational therapist, and rehabilitation consultant. See Appellant's App. Vol. II at 342. These medical sources do not qualify as treating physicians whose opinions are entitled to controlling weight. See Diaz v. Shalala, 59 F.3d 307, 313 (2d Cir. 1995); 20 C.F.R. §§ 404.1513(a), 1527(a), 1527(d)(2). Moreover, to the extent that Drs. Cramer and Seybold could be considered treating physicians--they each examined claimant only once--the ALJ did not violate the treating physician rule because he did not reject their opinions. Dr. Seybold commented that there was evidence of "mild right carpal tunnel syndrome." Appellant's App. Vol. I at 149. Dr. Cramer concluded that claimant's wrist was "positive for carpal tunnel syndrome," and she was "potentially a surgical candidate" if her chiropractic treatments did not help her. Id. at 220. Claimant continued her chiropractic treatments and never had surgery. These opinions are not inconsistent with the ALJ's conclusion that claimant had mild carpal tunnel syndrome.

Claimant also seems to contend that the ALJ erred by not referring to, and by implication, not considering various vocational, rehabilitative, and massage therapists' reports. Where as here, the ALJ has stated he has considered all the evidence, we will not assume otherwise. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1498-99 (10th Cir. 1992).

required the ALJ to more fully develop the record, particularly where the ALJ

found claimant not fully credible.

Finally, claimant contends that the ALJ did not follow the requirements of

Kepler v. Chater, 68 F.3d 387 (10th Cir. 1995), in evaluating the credibility of her

allegation of disabling pain.  The ALJ considered her testimony, the objective

medical evidence, her daily activities, use of medication, and frequency of

medical contacts.  See id. at 391.  We see no reversible error in the ALJ's

credibility analysis.

The judgment of the United States District Court for the District of

Colorado is AFFIRMED.

Entered for the Court

Michael Burrage
Chief District Judge