UNITED STATES COURT OF APPEALS

**Filed 1/24/97**

FOR THE TENTH CIRCUIT

DIXIE KNIGHTEN,

       Plaintiff-Appellant,

v.

SHIRLEY S. CHATER,
Commissioner, Social Security
Administration,*

       Defendant-Appellee.

No. 96-6149
(D.C. No. CIV-95-720-C)
(W.D. Okla.)

ORDER AND JUDGMENT**

Before PORFILIO, BALDOCK, and HENRY, Circuit Judges.

---

\*     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action. Although we have substituted the Commissioner for the Secretary in the caption, in the text we continue to refer to the Secretary because she was the appropriate party at the time of the underlying decision.

\*\*     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

Plaintiff appeals from a district court order affirming the Secretary's decision denying her applications for disability insurance and supplemental security income benefits.  The Administrative Law Judge (ALJ) denied benefits at step four, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), determining that plaintiff could perform a full range of light work, which includes her past relevant work as a seamstress.  Plaintiff complains that the record does not contain substantial evidence to support the Secretary's decision of no disability, that the ALJ erred in deciding that plaintiff could perform her past relevant work, and that the ALJ's failure to elicit testimony from a vocational expert was error.

Plaintiff filed her applications in March 1992, alleging disability because of poor eyesight and hearing, arthritis, diabetes, and heart problems.  Her applications were denied administratively.  After two hearings before the ALJ, the Appeals Council denied review, and the ALJ's denial became the final decision of the Secretary.

"We review the Secretary's decision to determine whether it is supported by substantial evidence and whether the Secretary applied the correct legal standards." Washington v. Shalala, 37 F.3d 1437, 1439 (10th Cir. 1994). Our review of the record reveals substantial evidence to support the Secretary's decision and convinces us that the correct legal standards were applied. We affirm.

The ALJ recognized that the medical reports show that plaintiff has been diagnosed at various time with diabetes mellitus, non-insulin dependent; hypertension; degenerative joint disease of the right hip; arteriosclerotic heart disease; and a depressive disorder. The record evidences that plaintiff's diabetes is controllable with diet and exercise, but that plaintiff has repeatedly failed to follow prescribed regimens. Despite this, the record contains no evidence that the diabetes has caused any damage. The record indicates that plaintiff's vision problems are correctable with glasses and that they may improve if the diabetes is controlled. The ALJ found that the record indicated no organ damage from hypertension, which condition is controllable with medication. The degenerative joint disease is not shown to be severe because recent physical examinations showed full range of motion in all joints without significant pain symptoms. The record contains no medical findings of coronary artery disease. The ALJ noted that plaintiff has a history of varicose veins, but there are no signs of circulatory

problems. Though the record does indicate a depressive disorder, the ALJ found no evidence of a full blown mental impairment.

Based on the foregoing, the ALJ found that plaintiff retains the residual functional capacity limited to performing light work. Our review of the record confirms this finding. Of particular note are the comments of the consultative physician in two separate reports to the effect that plaintiff could be employed with light work. The ALJ was correct in his finding that plaintiff's past work as a seamstress was light work and that she retained the residual functional capacity to perform that work.

Plaintiff argues on appeal that the ALJ failed to consider her subjective complaints of pain associated with her various ailments. We agree with the district court that plaintiff's numerous subjective complaints were only partially supported by the medical evidence. The credibility determination is within the province of the ALJ. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1499 (10th Cir. 1992). Contrary to plaintiff's assertion, the ALJ properly considered plaintiff's allegations of pain. See Luna v. Bowen, 834 F.2d 161, 164-65 (10th Cir. 1987).

Finally, because the record supports the ALJ's determination that plaintiff can perform her past relevant work, the ALJ was under no duty to obtain vocational expert testimony. See Musgrave v. Sullivan, 966 F.2d 1371, 1376

(10th Cir. 1992). The burden remains on the plaintiff to show disability and does not shift to the Secretary until plaintiff establishes a disability which prevents her from performing her past relevant work. Id.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.

Entered for the Court

Robert H. Henry
Circuit Judge