**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 8 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

WILLIAM W. ANDREWS,

       Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,[*]

       Defendant-Appellee.

No. 97-7020
(D.C. No. 95-CV-602)
(E.D. Okla.)

---

ORDER AND JUDGMENT[**]

---

Before BALDOCK, BARRETT, and MURPHY, Circuit Judges.

---

    After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

---

[*]    Effective September 29, 1997, Kenneth S. Apfel became the Commissioner for the Social Security Administration. Pursuant to Fed. R. App. P. 43(c), Mr. Apfel is substituted for John J. Callahan, former Acting Commissioner of Social Security, as the defendant in this action.

[**]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Claimant William W. Andrews appeals from the district court's order affirming the decision of the Commissioner of the Social Security Administration to deny his applications for disability and supplemental income benefits. Claimant applied for benefits on August 25, 1993, alleging disability since January 15, 1992, due to problems with his back, feet, and liver, and a chemical imbalance. His requests for benefits were denied administratively and upon reconsideration. After a hearing held on September 20, 1994, the administrative law judge (ALJ) issued a decision concluding claimant was not disabled. The Appeals Council denied review, making the ALJ's decision a final decision of the Commissioner. Claimant sought review in federal district court. The district court, adopting the findings and recommendations of the magistrate judge, affirmed the agency's decision denying benefits. This appeal followed.

Agency regulations establish a five-step sequential analysis to evaluate disability claims. See Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Here, the ALJ reached step four, concluding that claimant could return to his past relevant work. Our jurisdiction over this appeal arises under 28 U.S.C. § 1291. Our review of the agency's decision is limited to determining, on the record as a whole, whether the decision is supported by

substantial evidence and whether the correct legal standards were applied. See Winfrey v. Chater, 92 F.3d 1017, 1019 (10th Cir. 1996).

On appeal, claimant contends that post-hearing evidence he submitted to the Appeals Council demonstrates error in the ALJ's assessment of his residual functional capacity, analysis of his alleged pain, and determination of his credibility. He challenges the ALJ's analysis at step four of the applicable sequence, asserting that the ALJ failed to make inquiry as to the mental demands of claimant's past relevant work. See Winfrey, 92 F.3d at 1024. Upon careful review of these arguments and the record on appeal, we conclude that the vast majority of claimant's arguments on appeal were not presented to the district court and, therefore, are not preserved for judicial review. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) (issues not presented to district court not considered on appeal absent compelling reasons).

The only argument properly preserved for review is claimant's contention that medical evidence submitted to the agency post-hearing demonstrates a nexus between claimant's medical condition and his alleged pain. Claimant argues that this evidence undermines the ALJ's pain analysis and, accordingly, his decision. We disagree. The record indicates that claimant sustained various injuries in 1972 following a 50' fall. These injuries and claimant's resulting condition were noted in a 1993 report by a consulting physician, Dr. Howard. The medical

evidence claimant submitted post-hearing consists of notes and test results from what claimant's counsel described as a "full workup" regarding claimant's spine, ankle, foot, and chest. Appellant's App., Vol. II at 123. These records do not contradict Dr. Howard's observations, his report on claimant's condition or his conclusion that the injuries resulted in "low back pain and foot pain . . . which may prohibit [claimant] from doing heavy, strenuous type labor only." Id. at 110. The ALJ properly considered Dr. Howard's report and credited his conclusions; we cannot reweigh the evidence. See Hamilton v. Secretary of Health & Human Servs., 961 F.2d 1495, 1500 (10th Cir. 1992).

The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

Bobby R. Baldock
Circuit Judge