**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

KIM HILSON, o/b/o Megan Phelps,

Plaintiff-Appellant,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security
Administration,

Defendant-Appellee.

No. 01-7142
(D.C. No. 00-CV-466-P)
(E.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** and **HOLLOWAY** , Circuit Judges, and **BRORBY** , Senior
Circuit Judge.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Kim Hilson appeals the denial of Social Security disability benefits to her child, claimant Megan Phelps, which denial was affirmed by the district court. We have jurisdiction over this appeal by virtue of 28 U.S.C. § 1291. Our review of the agency's decision that claimant is not disabled is limited to a determination whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001).

Children's disability claims are evaluated using a three-step process. *Id.* Here, it is undisputed that claimant is not working and has severe impairments, satisfying the first two steps. *See id.* At the third step, the agency must determine whether claimant's impairments meet, medically equal, or functionally equal a listed impairment. *See* 20 C.F.R. § 416.924(a). Appellant does not challenge the ALJ's determination that claimant's impairments do not meet or medically equal a listed impairment. The focus of this appeal is whether claimant's impairments are the functional equivalent of a listed impairment, i.e., whether those impairments result in a "marked" limitation in two domains of functioning or an "extreme" limitation in one domain. At the time the ALJ heard claimant's case, children were evaluated in five different domains.[1]

---

[1] The ALJ was operating under interim final rules promulgated following the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, which

(continued...)

Here, the ALJ determined that claimant had a marked limitation in the domain of social functioning. However, he determined that claimant's limitation in concentration, persistence, and pace was only moderate. Appellant challenges this determination, contending that the degree of limitation in this domain should be marked. She presents two arguments in support of this position.

First, appellant contends that the ALJ failed to properly assess the credibility of her testimony at the hearing on claimant's disability claim. She argues that the ALJ must always expressly address such credibility, citing *Briggs*, 248 F.3d at 1239. In her reply brief, she further contends that the failure to consider her testimony is legal error. Appellant appears to be arguing that, because the ALJ did not find claimant's limitations in this domain to be marked, he must have ignored or discredited her testimony. We disagree. The ALJ clearly considered appellant's testimony in reaching his conclusions. Her testimony was consistent with some of the medical testimony that the ALJ discussed in connection with claimant's concentration problems. The ALJ's conclusion that claimant's limitations in this domain were moderate, not marked, does not

[1](...continued)
altered the standards for children's eligibility to disability benefits. Final rules, which became effective on January 2, 2001, reorganized the functional areas of assessment into six domains, and renamed them. *See* 20 C.F.R. § 416.926a(b)(1). The final rules did not affect any substantive changes in this case; we use the interim rules' domain designations here.

evidence a rejection or discrediting of appellant's hearing testimony. Therefore, in contrast to *Briggs*, there was no error in the ALJ's failure to expressly address credibility as to her testimony on this specific domain.

Second, appellant contends that substantial evidence does not support the ALJ's conclusion that the limitation in this domain was only moderate. She lists the evidence demonstrating claimant's concentration problems, and contends that the ALJ ignored comments in the medical reports, selectively relying on other parts of the reports. Again, we disagree with this characterization of the ALJ's decision. The ALJ's determination that the problems in this domain were moderate instead of marked does not demonstrate that he ignored any of the evidence. The record contains evidence both positive and negative about claimant's concentration problems, and therefore does not compel a determination that claimant's limitations in this domain were marked. We cannot reweigh the evidence. *See Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1498 (10th Cir. 1992). Appellant's final argument in her reply brief, regarding claimant's IQ, was not presented to the district court and, accordingly, will not be considered. *See Crow v. Shalala*, 40 F.3d 323, 324 (10th Cir. 1994). In any case, appellant's argument does not demonstrate that claimant's IQ is proof of marked limitations in concentration, persistence, or pace.

After a careful review of the record, we conclude that substantial evidence exists in support of the ALJ's determinations and ultimate conclusion that claimant is not disabled under applicable law, and that the correct legal standards were applied. The judgment of the United States District Court for the Eastern District of Oklahoma is AFFIRMED.

Entered for the Court

William J. Holloway, Jr.
Circuit Judge