**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 31 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

THERESA A. MARTINEZ,

      Plaintiff-Appellant,

v.

DEPARTMENT OF HEALTH &
HUMAN SERVICES, LARRY G.
MASSANARI, Commissioner of
Social Security,

      Defendant-Appellee.

No. 00-2412
(D.C. No. CIV-99-781-LH/WWD)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY, BRISCOE,** and **MURPHY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Theresa A. Martinez appeals from an order of the district court affirming the Commissioner's determination that she is not entitled to Social Security disability benefits. We affirm.

We review the Commissioner's decision to determine whether his factual findings were supported by substantial evidence in light of the entire record and to determine whether he applied the correct legal standards. See Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1028 (10th Cir. 1994). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quotations omitted). In the course of our review, we may "neither reweigh the evidence nor substitute our judgment for that of the agency." Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991).

Ms. Martinez alleged disability as of June 1995 due to asthma, anxiety, hypoglycemia, dizziness, fatigue, headaches, and ear infections. The administrative law judge (ALJ) determined that Ms. Martinez was not disabled at step four of the five-step sequential process, see Williams v. Bowen, 844 F.2d 748, 750-52 (10th Cir. 1988), as, with specified limitations, she could return to her past relevant work as a retail cashier, receptionist and retail sales clerk.

On appeal, Ms. Martinez argues that the ALJ failed to obtain medical records from her treating physician and failed to fully develop the record by

obtaining consultative examinations. She also contends she cannot do her past relevant work and that the ALJ's credibility determination was not supported by substantial evidence.

Our review of the ALJ's decision, the medical record, and the applicable law convinces us that substantial evidence supports the ALJ's determination that Ms. Martinez could return to her past relevant work with the specified limitations. The ALJ properly considered the medical evidence and applied the correct legal standards. Ms. Martinez is essentially seeking to have us reweigh the evidence. This we may not do. See Hamilton v. Sec'y of Health & Human Servs., 961 F.2d 1495, 1498 (10th Cir. 1992). The district court's judgment is AFFIRMED for substantially the reasons stated in the magistrate judge's report and recommendation as adopted by the district court in its order of August 9, 2000.

Entered for the Court

Mary Beck Briscoe
Circuit Judge